226     APPELLATE COURTS OF ILLINOIS.

VOL. 28.]          Ziegler v. Studebaker Bros. Mfg. Co.

## JOHN R. ZIEGLER
### v.
## STUDEBAKER BROTHERS MANUFACTURING COMPANY.

*Sales—Refusal to Accept—Question for Jury—Damages.*

In an action to recover damages for the refusal of the defendant to accept certain carriages and harness, sold and delivered to him under a written contract, it is *held:* That the verdict for the plaintiff is sustained by the evidence; and that the trial court did not err in entering a judgment on the same, and in refusing a motion for a new trial.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Mr. H. W. WELLS, for appellant.

Messrs. IRWIN & SLEMMONS, for appellee.

UPTON, J. This was an action in assumpsit brought by appellee against appellant to the October term of the Circuit Court of Peoria County, 1887, for damages for failing to accept and pay for two coaches and one set of coach harness, sold and delivered, as alleged, by appellee to the appellant in the spring of 1887.

The declaration contained three special, and the common counts. The first special count is for the alleged purchase price of two certain coaches and one set of coach harness sold and delivered; second count for the price of two certain coaches and one set of coach harness bargained and sold and the third count was for damages in failing and refusing to accept and settle for the same coaches and harness sold and delivered by appellees to appellant.

The pleas were the general issue, *nul tiel corporation* and set-off. Issue was joined on the first and second pleas, and two

special replications were filed to the third plea of set-off, setting forth that the plaintiff did keep and perform its contract, and that it was not indebted to the appellant as alleged in said plea.

The case was heard before the court below and a jury and to maintain the issues joined the plaintiff offered and read in evidence the following contract in writing, viz.:

"CHICAGO, February 21, 1887."

"STUDEBAKER BROS. MFG. CO., South Bend, Indiana.

"*Gentlemen:* Please ship me on or about April 1, 1887, the two following coaches: one falling front and one stiff top coach, both to be trimmed in dark green cloth, to be painted dark green, gear and body, with black stripe, and one set of black mounted coach harness to go with the above jobs, for which I agree to pay two thousand two hundred dollars ($2,200), about one-half cash on receipt of goods, balance inside of one year with secured notes, with interest at seven per cent."

"JOHN R. ZIEGLER, Peoria, Ills."

"Ship C., R. I. & P."

The coach harness mentioned in the above contract, about which there is no contention, was shipped to appellant by his express direction, some time prior to the 1st of April, 1887, and upon receipt thereof was accepted and at once put in use by appellant.

The coaches were shipped some time after the 1st of April, 1887, at the like special request of appellant by letter to appellees under date of March 28, 1887, in which the appellant says:

"As the weather has held me back and there is no especial hurry for the carriages, I would rather not have them shipped in this storm. You had better hold them a day or two for good weather." The coaches were shipped to and received by the appellant on or before the 15th of April, 1887.

It will be noticed that the written contract did not particularly describe the coaches or harness sold, and evidence on this point was heard on the trial in the court below. It appears that appellees had their carriage warehouse in the city of Chi-

228 APPELLATE COURTS OF ILLINOIS.

VOL. 28.]      Ziegler v. Studebaker Bros. Mfg. Co.

cago, and the appellant resided and was engaged in business as an undertaker in the city of Peoria, Illinois. Appellant went to Chicago to appellees' warehouse with the view to purchase there, or elsewhere, two coaches for his business. He was shown one of the coaches in question, at least which he insists was to have been the sample of both, except that the one was to be what was called a stiff top, and the other a let down front; in other respects, trimming and general appearance, they were to be alike. Appellant admits that one of the coaches sent him was the same shown and sold him, but insists the other was in no respects like it, that its interior was moth-eaten and damaged, the lamps mounted upon the body instead of the sides of the coach, and that for such and other defects he refused to accept such other coach, but was willing to accept the one, and the set of double harness.

The appellees insist that the coaches delivered were in all respects up to, and were, in fact, the same coaches shown and sold to appellant, and the same coaches referred to in the contract, and were in no particular defective as claimed by appellant. No complaint is made of the harness not being up to the contract.

From this contention some correspondence ensued between the parties. At appellant's request, the agent of appellee went to Peoria to adjust, if possible, the controversy, but not succeeding, the appellant, about the 26th of April, 1887, re-shipped to appellees at Chicago the two coaches and the set of harness, where the same soon after arrived and were delivered to the appellees.

The appellees claimed damages for the non-acceptance of the coaches and harness, in accord with the written contract, of $500 and $100 in cleaning and re-varnishing the coaches, $25 damages on re-sale of the set of harness, $26 for expense of agent's trip to Peoria, and about $28 for freight on re-shipment of coaches from Peoria to Chicago, paid by appellees. Appellant to this interposed a counter-claim for damages to him for the alleged non-fulfillment of the contract, in not sending the coaches as ordered and sold to him, for the loss of business and for expense and keep of help and horses, of more than sufficient to meet the claim of the appellee.

Failing to adjust this controversy, this suit was brought in the court below as stated. After hearing the evidence and instructions of the court the jury rendered a verdict for the plaintiff in the sum of $25, upon which the trial court, after overruling a motion for a new trial, entered judgment, and to reverse which the appellant brings the case to this court and assigns for error in the trial court, in substance, the overruling of the motion of appellant for a new trial, and in rendering a judgment for appellee on the verdict of the jury.

Other errors were assigned, viz.: The admissions of improper evidence, but no such evidence is pointed out and we fail to perceive any such in the record. The refusal of proper evidence offered on the part of appellant, and it is said upon this point that an offer was made to show that the set of harness was of less value than $150, which the court excluded, and, as we think, very properly. It was not claimed that the harness was not up to the contract, when received; indeed, the appellant had in fact accepted it and put it to use some time before the contention concerning the coach arose, and when accepted its value became wholly immaterial in this controversy.

No objection is pointed out to the instructions of the court which were given or refused, and none is perceived.

This contention was purely one of fact, and within the peculiar province of the jury. Upon the issues joined in this case, the jury have found for the appellees, and hence the appellant could have no claim for any damages for a breach of the contract, as the jury found there was no breach. If the coaches and harness delivered to appellant were the ones purchased by him, as the jury have found, it must be that not only has he no claim for damages in returning the goods to the appellee and refusing to comply with his contract, but he ought to respond in damages sufficient to compensate appellee for all loss occasioned thereby.

It is shown beyond cavil that the harness had been put to use by the appellant, and that the same was damaged for re-sale by such use at least $25, the amount of the verdict.

We have carefully examined this record and the entire evidence and we can not say the jury was not warranted thereby

in finding the verdict they did. Indeed, under the evidence, their verdict in our judgment might have been sustained for a much larger sum, but the appellee is not objecting, nor has it assigned cross-errors. The trial court was not in error in refusing the motion for a new trial and entering judgment on the verdict, and finding no error in this cause in the proceedings in the court below, the judgment must be affirmed.

*Judgment affirmed.*